## Hill, Admx., v. Higinbotham et al.

*Gerald A. McNelis*, for plaintiff.

*Quinn, Leemhuis, Plate & Dwyer*, for defendants.

EVANS, P. J., June 15, 1950.—This matter is before us on a petition to open judgment entered against Kenyon Higinbotham and John R. Billheimer for want of an appearance.

The petition recites that on July 22, 1949, a summons was issued in the above-captioned case, following which Quinn, Leemhuis, Plate & Dwyer, who are the petitioners here, entered an appearance for the three defendants named. On November 28, 1949, the petitioners withdrew their appearance for Kenyon Higinbotham and John R. Billheimer, with leave of court, because American Surety Company of New York advised them so to do for the reason that this company did not have insurance coverage on these two defendants. On November 29, 1949, petitioners accepted service of the bill of complaint for Motor Age Transit Lines, Inc., only. The complaint was served on Kenyon Higinbotham December 14, 1949, in Allegheny County, and upon John R. Billheimer December 15, 1949, in Westmoreland County. On January 5, 1950, plaintiff, by attorney, entered judgment against Kenyon Higinbotham and John R. Billheimer for failure to enter an appearance. The petition to open judgment (filed January 9, 1950) avers that petitioners were instructed by American Surety Company to enter an appearance for Higinbotham and Billheimer and "that an error had been made and that American Surety Company did have insurance coverage on both Kenyon Higinbotham and John R. Billheimer". Petitioners submit no testimony but ask this court to exercise its discretion in the interest of justice, so that defendants Higinbotham and Billheimer may present their defense. Notwith-

standing the fact that no testimony was submitted in their argument, petitioners set forth a series of events and circumstances by way of defense for their client, American Surety Company, in failing to act within 20 days after service of the complaint, so that a judgment might not be entered.

Plaintiff, also without offering testimony, submits that American Surety Company knew of and investigated the accident giving rise to this action within two or three days after it happened on August 3, 1948. It is also argued that this company, with all of its knowledge and experience in such matters, had three months within which to determine that it was not required to represent and defend the interests of Higinbotham and Billheimer and, having so concluded, the company is not now, after judgment, entitled to act on their behalf in seeking a removal of the default judgment. In this contention there is merit. It must be noted that neither Higinbotham nor Billheimer seek to have judgment removed. We have nothing on record from American Surety Company which shows that it has any right to take any action herein. Petitioners have only such knowledge of the entire matter as has been imparted to them from time to time through their client, the insurance company, which as far as any of us know may continue to deny liability for any amount recovered against Higinbotham and Billheimer. Under the circumstances we feel that the rule to show cause, granted January 9, 1950, on petition of counsel for American Surety Company, to open judgment entered against Kenyon Higinbotham and John R. Billheimer, must be discharged.

And now, to wit, June 15, 1950, the rule granted January 9, 1950, on the petition to open judgment against Kenyon Higinbotham and John R. Billheimer is discharged.